IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **GUSSIE BELLE TARRANT,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:10-cv-01204 |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| **NORTHLAND GROUP, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**INITIAL CASE MANAGEMENT ORDER**

The parties submit, pursuant to L.R. 16.01, the Proposed Case Management Plan:

A.  **JURISDICTION:**

Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

B.  **BRIEF THEORIES OF THE PARTIES**

  1.  **PLAINTIFF:**

Beginning in or around December 2009 through January 2010, Defendant began to repeatedly contact Plaintiff via telephone regarding an alleged debt owed to Macys. Specifically, Plaintiff received telephone calls on December 21, 2009 at 9:41am; December 28, 2009 at 9:25am; December 28, 2009 at 12:24pm; and December 30, 2009 at 3:46pm, among other dates and times, from 866-380-8783; the undersigned has confirmed this telephone number belongs to the Defendant. Plaintiff considered these frequent telephone calls to be harassing in nature. Further, Defendant did not send to Plaintiff, within five (5) days of its initial contact with her, written notification advising him of her right to dispute the debt, request verification of the debt, or obtain the name and contact information of the original creditor.

Plaintiff alleges Defendant harassed, oppressed or abused Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. §1692d; caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff in violation of 15 U.S.C. §1692d(5); failed to provide to Plaintiff, within five (5) days after the initial communication in connection with the collection of a debt, written notice advising him of his rights to dispute the debt and/or request validation, in violation 15 U.S.C. § 1692g; and acted in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

Plaintiff seeks actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount of up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from the Defendant herein.

2. **DEFENDANT:**

Defendant admits placing calls to Plaintiff's telephone on the dates set forth in the Complaint and, on the last date cited, an employee of Defendant did in fact speak with the Plaintiff. Following that phone conversation with Plaintiff, Defendant closed the account. Prior to any phone calls being made to Plaintiff, Defendant sent a written communication to Plaintiff, a copy of which was attached to Defendant's Answer as an exhibit. That letter being the initial communication to Plaintiff, Defendant was not required to send any further written communication after making telephone contact with Plaintiff. The number and frequency of the calls cited by Plaintiff in the Complaint do not, as a matter of law, constitute abuse or harassment of Plaintiff. Plaintiff does not cite any content of the calls that was abusive, the times cited are all within the times permitted under the FDCPA, and Plaintiff merely relies on the fact that there were 8 calls placed over a 21-day period, none of which were on the same day.

Plaintiff does not allege any actual damages.  Defendant's Counsel has advised Plaintiff's counsel that given the facts, as they appear through the pleadings, the Complaint appears to be frivolous and upon dismissal of the Complaint, Defendant will seek to recover its costs and fees from Plaintiff and counsel.

C.   **ISSUES RESOLVED:**

Jurisdiction and Venue

D.   **ISSUES IN DISPUTE:**

Liability and Damages

E.   **INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to FED.R. CIV. P 26(a)(1) on or before May 12, 2011.

F.   **DISCOVERY:**

1.   The parties shall complete all written discovery and depose all fact witness on or before August 31, 2011.

2.   All discovery related motions shall be filed on or before September 9, 2011.

3.   Discovery is not stayed during dispositive motions, unless ordered by the Court.

4.   Local Rule 9(a)(2) is expanded to allow 25 interrogatories, including subparts.

5.   No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

6.   Pending any agreement by the parties to the contrary, the parties will comply with Administrative Order 174, except that the information required under that Order to be provided at or before the Rule 26(f) conference will be provided on or before May 13, 2011.

G.  **MOTIONS TO AMEND:**

The parties shall file all Motions to Amend on or before July 31, 2011.

H.  **JOINT MEDIATION REPORT:**

The parties shall file a joint mediation report on or before September 9, 2011.

I.  **DISPOSITIVE MOTIONS:**

1.  The parties shall file all dispositive motions on or before October 3, 2011.

2.  Responses to dispositive motions shall be filed within twenty (20) days after the filing of the Motion.

3.  Optional replies may be filed within ten (10) days after the filing of the response. Brief shall not exceed twenty 20 pages.

4.  No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a Motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

J.  **ESTIMATED TRIAL TIME:**

The parties expect the trial to last approximately 1-2 days. At this time, the Court sets the trial to begin on _____, 2011, with the pretrial conference scheduled to take place in _____, 2011.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:


/s/ Amy L. Bennecoff
Amy L. Bennecoff, Esquire
Attorney for Plaintiff



/s/ Kevin B. Wilson
Kevin B. Wilson, Esquire
Attorney for Defendant